UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL JAMES ESCHETE, JR.** | **CIVIL ACTION NO: 6:10cv01279** |
| **VERSUS** | **SECTION:   Judge Rebecca F. Doherty** |
| **CHET MORRISON CONTRACTORS, LLC, ET AL** | **MAGISTRATE:** |

## ANSWER TO COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes defendant, Chet Morrison Contractors, LLC (hereinafter "Chet Morrison") and for its answer and defenses to plaintiff's Complaint, avers upon information and belief as follows:

### FIRST DEFENSE

There is insufficient and/or improper service of process.

### SECOND DEFENSE

The complaint fails to state a claim against defendant upon which relief can be granted.

### THIRD DEFENSE

The claims asserted in the complaint are prescribed or otherwise time barred.

### FOURTH DEFENSE

**AND NOW**, for answer to the individual allegations of the complaint, defendant avers as follows:

I.

The allegations contained in paragraph 1 of the Complaint involve questions of law which require no answer.

II.

The allegations contained in paragraph 2 of the Complaint involve questions of law which require no answer.

III.

The allegations contained in paragraph 3 of the Complaint involve questions of law which require no answer; however, to the extent an answer is required, Chet Morrison admits it is a corporation authorized to do and doing business within the State of Louisiana.

IV.

The allegations contained in paragraph 4 of the Complaint involve questions of law which require no answer.

V.

The allegations contained in paragraph 5 of the Complaint involve questions of law which require no answer.

VI.

The allegations contained in paragraph 6 of the Complaint involve questions of law which require no answer.

VII.

The allegations contained in paragraph 7 of the Complaint are denied as stated.

VIII.

The allegations contained in paragraph 8 of the Complaint involve questions of law which require no answer.

IX.

The allegations contained in paragraph 9 of the Complaint are denied.

X.

The allegations contained in paragraph 10 of the Complaint are denied.

XI.

The allegations contained in paragraph 11 of the Complaint are denied.

## XII.

The allegations contained in paragraph 12 of the Complaint are denied.

## XIII.

The allegations contained in paragraph 13 of the Complaint are denied.

## XIV.

The allegations contained in paragraph 14 of the Complaint are denied.

## XV.

The allegations contained in paragraph 15 of the Complaint are denied.

## XVI.

The allegations contained in paragraph 16 of the Complaint are denied.

## XVII.

All other allegations not heretofore specifically admitted are denied.

### **FIFTH DEFENSE**

Defendant specifically avers that plaintiff has failed to mitigate his damages, and any recovery should therefore be reduced or eliminated.

### **SIXTH DEFENSE**

Further in the alternative, defendant avers that if plaintiff suffered any injuries, as alleged, which is denied, said injuries were caused or contributed to by the acts, carelessness, inattention to duty, omissions, and/or conduct of third persons, for whose fault and negligence defendant is not liable.

### **SEVENTH DEFENSE**

Further in the alternative, defendant avers that if plaintiff suffered any injuries, as alleged, which is denied, said injuries were caused or contributed to by his own fault, negligence, and/or

the fault and/or negligence of third parties, which fault should act as a complete bar, or in the alternative, as a mitigating factor with respect to any recovery by plaintiff of damages herein.

### EIGHTH DEFENSE

As a further defense, defendant avers that any injuries sustained by plaintiff, which are denied, occurred as a consequence of his assumption of accepted and ordinary risks.

### NINTH DEFENSE

Plaintiff's damages are barred by the primary duty rule.

### TENTH DEFENSE

Defendant specifically asserts all defenses afforded by the Longshore and Harbor Worker's Compensation Act and/or any other applicable state compensation act.

### ELEVENTH DEFENSE

Plaintiff's alleged accident, which is specifically denied, and any and all loss, damage, injury, death or destruction resulting therefrom, were in no way caused by the fault, neglect, design or want of due care on the part of defendant, its agents, servants, or employees, or anyone for whom defendant is or may have been responsible.  Alternatively, said incident was occasioned and incurred without privity or knowledge on the part of defendant or any of its directors, officers, stockholders or agents, thereby entitling defendant to limitation of liability.

### TWELFTH DEFENSE

Defendant prays for trial by jury.

**WHEREFORE**, defendant, Chet Morrison Contractors, LLC, prays that after due proceedings had, there be judgment herein in its favor, dismissing plaintiff's Complaint at his cost.  Alternatively, defendant prays that should it be found liable for any loss, injury, expense, damage or claim whatsoever in consequence of the incident heretofore described, that its liability

be limited to the value of its vessel and the freight then pending.  Defendant further prays for trial by jury and for such additional relief in the premises as in justice or in law it may be entitled to receive.

                Respectfully Submitted:

                **REICH, ALBUM & PLUNKETT, LLC**

                **BY: /s/ROBERT S. REICH**
                **ROBERT S. REICH, ESQ. (#11163)**
                Two Lakeway Center, Suite 1000
                3850 North Causeway Boulevard
                Metairie, Louisiana 70002
                Telephone:  (504) 830-3999
                Facsimile:  (504) 830-3950
                Email:  rreich@rapllclaw.com

                **ATTORNEY FOR CHET MORRISON CONTRACTORS, LLC**

### CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all counsel of record by hand delivery, electronic delivery, facsimile transmission, or by placing same in the U. S. Mail, postage prepaid, this 31st day of August, 2010.

                **ROBERT S. REICH**